William G. Matta v. Commissioner.
William G. Matta v. Commissioner
Docket No. 15568.
United States Tax Court
1948 Tax Ct. Memo LEXIS 30; 7 T.C.M. (CCH) 876; T.C.M. (RIA) 48247; November 22, 1948
*30 Where, pursuant to a formal partnership contract, the father, the son and the son's wife all performed vital services in the community enterprise, held, that a bona fide partnership existed and that the parties properly returned for taxation their individual shares of the net profits pursuant to the written contract. Harry Friedman, Esq., Munsey Bldg., Washington, D.C., and Michael D. Bachrach, C.P.A., Farmers Bank Bldg., Pittsburgh, Pa., for petitioner. George C. Lea, Esq., for respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $98,286.22 in petitioner's income tax liability for the year 1944, consequent on his holding that no partnership existed between petitioner, his wife and his father, doing business under the name of G. C. Matta Motor Company, and that the entire net profit of the company was accordingly taxable to petitioner. Findings of Fact Petitioner, William G. Matta, is an individual whose business address is 1239 Braddock Avenue, Braddock, Pennsylvania. His Federal income tax return for the calendar year 1944 was filed with the collector of internal revenue for the *31 23rd district of Pennsylvania. George C. Matta is petitioner's father and Emma R. Matta is petitioner's wife. The G. C. Matta Motor Company was founded by George C. Matta in 1917 and the business was conducted under that name thereafter, and has continued under the same name to the present date. Previous to the war the G. C. Matta Motor Company was engaged in the automobile business, selling new automobiles and conducting a repair shop. During the taxable year it was exclusively engaged in the production of war products. As a boy, and later while in high school and college, petitioner, William G. Matta, helped around the shop of G. C. Matta Motor Company and after leaving college, worked full time in the business. Since 1938 or 1939 petitioner has been the active head and manager of the business. The father, George C. Matta, continued his active participation in the business until 1938 or 1939, thereafter being less active than formerly. He concentrated on the technical and mechanical problems of the business. There never was a formal transfer of the business from George C. Matta to his son, the petitioner, but petitioner gradually assumed the leadership in the company. Petitioner *32 was married in 1939 and immediately after the marriage his wife, Emma R. Matta, assumed active participation in the business, having entire charge of the office and many other activities thereof. The business was conducted in an informal manner by the three parties. They all lived together in the same quarters located above the business office until 1943, when they all moved to another property, continuing thereafter to live together. While drawing no salaries, they withdrew from the business such amounts as were necessary for living expenses. On January 4, 1944, petitioner, George C. Matta and Emma R. Matta formally entered into a written agreement of partnership, effective January 1, 1944, by the terms of which it was agreed that each party should have a one-third interest in the business of G. C. Matta Motor Company; that they should devote "all their time and efforts, their best endeavors, and to the utmost of their skill, exert themselves for the joint interest, benefit, profit and advantage" of the business. It was further provided that petitioner, William G. Matta, should be known as "the general manager of the partnership with complete authority of supervision, formation *33 of policy, and general conduct of the business." George C. Matta, the father, was to "have charge of all technical and engineering matters in connection with the operation of said business." Emma R. Matta was to "be known as the office manager and shall have complete charge of bookkeeping and business details conducted in the office." The purpose of the written agreement was to clarify the positions of the parties and to remedy the informalities that had existed in prior years, G. C. Matta and Emma R. Matta being dissatisfied with the previous arrangement. The partnership agreement was filed with the prothonotary of Allegheny County August 17, 1944. The capital of G. C. Matta Motor Company included certain machinery and equipment acquired by G. C. Matta in prior years, the goodwill which attached to his name as the result of operation since 1917 and any profits attributable to his prior services which had been left in the business. At the beginning of the war, G. C. Matta entertained the idea that the company should participate in the manufacture of war products. To this end he got in touch with friends who knew certain airplane manufacturers and he went on trips to various airplane *34 plants in an effort to secure subcontracts. All of these arrangements were discussed with petitioner and Emma R. Matta. During the taxable year G. C. Matta was engaged in the business of the company full time. He looked after the tooling and processing; assisted in the welding and helped to rectify errors which caused rejection of finished products; he solved certain difficult technical problems which arose in connection with production, and the shop employees took orders from him and regarded him as one of their employers. He discussed with petitioner and Emma R. Matta important questions of policy. Emma R. Matta had taken a business course at the Pittsburgh Academy and had worked at the Retail Research Bureau of the University of Pittsburgh before her marriage. Immediately after her marriage to petitioner, she took charge of the office of G. C. Matta Motor Company and thereafter at all times gave full time to the business of the company. She supervised the office personnel, took care of the payroll and kept the books. When the company was engaged in the automobile business she sold cars, ordered material and, in the absence of her husband, supervised shop employees. From 1939 *35 to the taxable year, Emma R. Matta drew no salary for her services, all profits above living expenses of the family group being put back into the business. During the taxable year while engaged on war contracts, Emma R. Matta, while devoting full time seven days a week to the business, hired and fired office employees, handled all correspondence, undertook to expedite deliveries, located and ordered materials and checked the prices against contracts. In the absence of her husband, who was frequently absent on business matters, she discussed matters of the company with inspectors at the plant, supplied requested information, interpreted blue prints, discussed deviations from specifications, gave instructions concerning the performance of work and the expediting of shipments. Employees regularly regarded her as one of their employers and took orders from her. The books of the company were little more than cash receipts and disbursements accounts. No entry was made on the books showing the respective interests of the partners. During the taxable year G. C. Matta Motor Company was exclusively engaged in the production of materials on war contracts, chiefly manufacturing airplane parts. *36 G. C. Matta's wife, mother of petitioner, managed the home, provided the meals and took care of petitioner's children so that Emma R. Matta could devote her entire time to the business of the company. When petitioner was to be absent from the business on business trips elsewhere, he would leave a large number of signed checks in the hands of Emma R. Matta, which checks she would fill in and issue in payment of materials and accounts during his absence. He alone had authority to sign checks. During the taxable year petitioner, George C. Matta and Emma R. Matta each received their respective shares of the profits of the G. C. Matta Motor Company in accordance with the partnership agreement and reported such profits on their respective individual income tax returns for 1944, paying the tax due thereon. During the taxable year 1944, petitioner, George C. Matta and Emma R. Matta bona fide intended to and did join together as partners for the purpose of carrying on the business of the G. C. Matta Motor Company and sharing in the profits and losses thereof, all in accordance with the partnership agreement of January 4, 1944. Opinion In this case we are asked to hold that during *37 the taxable year 1944 a bona fide partnership, as construed with regard to the income tax laws, existed between the petitioner, his father and petitioner's wife. In Commissioner v. Tower, 327 U.S. 280, the Supreme Court observed: "There can be no question that a wife and a husband may, under certain circumstances, become partners for tax, as for other purposes. If she either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things she may be a partner as contemplated by 26 U.S.C. §§ 181, 182, 26 U.S.C.A. Int. Rev. Code, §§ 181, 182." Petitioner insists that all of the essentials of law are satisfied; that pursuant to a bona fide intention to form a partnership, an agreement was entered into; that each partner contributed capital and vital services to the enterprise and that, tested by all proper concepts in form and in action, a true partnership was entered into and existed throughout the taxable year. Respondent contends that neither the father nor the wife contributed any capital originating *38 with them nor did they contribute substantially to the control or management or otherwise perform vital additional services. He also contends that the whole thought of the participants was tax avoidance. Addressing ourselves first to the last stated contention, the record has been carefully searched and no evidence is found to justify the charge of tax avoidance. The agreement of partnership was a bona fide effort to fix the relation of the parties and establish a true business partnership. The formal agreement of partnership was a wholly adequate first step in that direction. The business was started by G. C. Matta in 1917. At the time, he gave his name to the enterprise and his name, with whatever of good will may attach, is employed to this day. After working as a boy in offtimes and later while in college, petitioner, by 1939, had taken over most of the active management. The father continued to be actively engaged in the business and whatever the business accumulated as equipment and as good will in prior years under the father's management continued in the business. Also contributed were whatever of profits may have been earned and not withdrawn for living expenses. Not a *39 large sum perhaps but in some amount undoubtedly. In whatever amount it was, this capital contribution, together with machinery, tools and equipment of the shop formerly operated as a repair shop went into the partnership. The claim of a capital contribution by the wife is not sustained by the record. There is, however, ample evidence of her contribution in the form of vital services. Immediately after marrying petitioner in 1939, petitioner's wife went into full time service of the company. She was equipped by training to handle the office management and gave her full time to that activity. This was not a mere gesture nor the assistance which a husband has a right to expect from his wife. It was a full time operation and of real importance in the work of the company. As said by the Circuit Court of Appeals for the Sixth Circuit in Weizer v. Commissioner, 165 Fed. (2d) 772: "The business could not have operated as it did without efficient office management. Such services are indispensable to the operation of any successful business. * * * In most small businesses vital services are performed by an experienced office worker. In many instances such an experienced office *40 worker acquires an interest in the business and becomes a part owner or a partner and continues thereafter to perform those same services for which his training and experience have qualified him. Partners and co-owners arise from the ranks of trusted, efficient and experienced employees." Although no salary was paid, the wife receiving only her living from the common drawings for such purposes, there is no doubt of the value of the wife's services. She devoted her full time and thought to the business of the company and frequently discussed matters of policy with the other partners. The mechanical skill and experience of the father at times practically saved the company by solving difficult technical and engineering problems. While his services may not have been as important as those of petitioner, they were nonetheless vital and unique in character. There is no requirement of the law that the services of all partners must be equal in scope and value. Each partner contributes according to his ability and equipment. The father was of an inventive turn and this skill was frequently utilized to the benefit of the company. On the record we hold that, in addition to being the founder *41 of the company and contributing to its capital, the father performed vital and important services during the taxable year and was a partner in the company, entitled to his full share of the profits as fixed by the agreement. We have above indicated that Emma R. Matta performed vital services in the business, that starting immedaitely after her marriage, she gave her full time to the community enterprise. This she was free to do because of the solidarity of the family arrangement. All of the parties lived to gether at all times. Petitioner's mother took care of the home while the two men and petitioner's wife gave full attention to the business. Emma R. Matta's contribution to the business, especially during the rush days of the war (including the taxable year) were important and vital. The company was engaged exclusively in producing war products. Government inspectors were constantly in attendance at the plant. The duties performed by the wife as office manager went far beyond the confines of the office. It petitioner's absence she was called on to exercise supervision and discretion in matters of policy and to meet, as best she could, any emergency that arose. We hold that Emma *42 R. Matta was in every true sense a full partner in the business of G. C. Matta Motor Company during 1944 and that she properly returned as her own one-third of the net profits of the business. The above holdings that a bona fide partnership was entered into under the agreement on January 4, 1944, and that G. C. Matta and Emma R. Matta were bona fide partners, pursuant to such agreement, is dispositive of the only issued presented to us. Decision will be entered for the petitioner.